APPEAL,CLOSED,TYPE−E

# U.S. District Court
## District of Columbia (Washington, DC)
### CIVIL DOCKET FOR CASE #: 1:21−cv−02406−TJK

| | |
|---|---|
| NATIONAL ASSOCIATION OF REALTORS v. UNITED STATES OF AMERICA et al<br>Assigned to: Judge Timothy J. Kelly<br> Case: 1:20−cv−03356−TJK<br>Cause: 15:1314 Antitrust−−Petition for enforcement | Date Filed: 09/13/2021<br>Date Terminated: 01/25/2023<br>Jury Demand: None<br>Nature of Suit: 890 Other Statutory Actions<br>Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**NATIONAL ASSOCIATION OF REALTORS**     represented by     **Michael Domenic Bonanno**
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street, NW
Suite 900
Washington, DC 20005
202−538−8000
Fax: 202−538−8100
Email: mikebonanno@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Peter Joseph Benson**
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street, NW
Suite 900
Washington, DC 20005
(202) 538−8000
Fax: (202) 538−8100
Email: peterbenson@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**William A. Burck**
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street, NW
Suite 900
Washington, DC 20005
(202) 538−8000
Email: williamburck@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Ethan Charles Glass**
COOLEY LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004

|   |   |
|---|---|
|   | 202−776−2244<br>Email: eglass@cooley.com<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| **UNITED STATES OF AMERICA** | represented by | **James C. Luh**<br>U.S. DEPARTMENT OF JUSTICE<br>Civil Division, Federal Programs Branch<br>1100 L Street, NW<br>Washington, DC 20005<br>(202) 514−4938<br>Fax: (202) 616−8460<br>Email: james.luh@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
|   |   | **Daniel S. Guarnera**<br>U.S. DEPARTMENT OF JUSTICE<br>Antitrust Division<br>950 Pennsylvania Ave., NW<br>Rm. 3114<br>Washington, DC 20530<br>202−230−4106<br>Email: daniel.guarnera@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| **U.S. DEPARTMENT OF JUSTICE,**<br>**ANTITRUST DIVISION** | represented by | **James C. Luh**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
|   |   | **Daniel S. Guarnera**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| **RICHARD A. POWERS**<br>*in his official capacity as Acting Assistant*<br>*Attorney General, Antitrust Division* | represented by | **James C. Luh**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
|   |   | **Daniel S. Guarnera**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|

| 09/13/2021 | 1 | COMPLAINT *Petition to Set Aside, or in the Alternative Modify, Civil Investigative Demand No. 30729* against Richard A. Powers, U.S. DEPARTMENT OF JUSTICE, ANTITRUST DIVISION, UNITED STATES OF AMERICA ( Filing fee $ 402 receipt number ADCDC−8727324) filed by NATIONAL ASSOCIATION OF REALTORS. (Attachments: # 1 Declaration of Ethan Glass, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Civil Cover Sheet, # 29 Related Case Form, # 30 Certificate of Service, # 31 Summons (Attorney General), # 32 Summons (United States), # 33 Summons (Antitrust Division), # 34 Summons (AAG Powers), # 35 Summons (United States Attorney))(Glass, Ethan) (Entered: 09/13/2021) |
| --- | --- | --- |
| 09/13/2021 | 2 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by NATIONAL ASSOCIATION OF REALTORS (Glass, Ethan) (Entered: 09/13/2021) |
| 09/13/2021 | 3 | NOTICE of Appearance by Ethan Charles Glass on behalf of NATIONAL ASSOCIATION OF REALTORS (Glass, Ethan) (Entered: 09/13/2021) |
| 09/13/2021 | 4 | NOTICE of Appearance by William A. Burck on behalf of NATIONAL ASSOCIATION OF REALTORS (Burck, William) (Entered: 09/13/2021) |
| 09/13/2021 | 5 | NOTICE of Appearance by Michael D. Bonanno on behalf of NATIONAL ASSOCIATION OF REALTORS (Bonanno, Michael) (Entered: 09/13/2021) |
| 09/13/2021 | 6 | NOTICE of Appearance by Peter Joseph Benson on behalf of NATIONAL ASSOCIATION OF REALTORS (Benson, Peter) (Entered: 09/13/2021) |
| 09/13/2021 | 7 | NOTICE OF RELATED CASE by NATIONAL ASSOCIATION OF REALTORS. Case related to Case No. 20−cv−3356. (zsb) (Entered: 09/15/2021) |
| 09/15/2021 |  | Case Assigned to Judge Timothy J. Kelly. (zsb) (Entered: 09/15/2021) |
| 09/15/2021 | 8 | SUMMONS (5) Issued Electronically as to RICHARD A. POWERS, U.S. DEPARTMENT OF JUSTICE, ANTITRUST DIVISION, UNITED STATES OF AMERICA, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(adh, ) (Entered: 09/15/2021) |
| 09/16/2021 | 9 | REQUEST FOR SUMMONS TO ISSUE *(corrected copies for the United States and the Attorney General of the United States)* filed by NATIONAL ASSOCIATION OF REALTORS. (Attachments: # 1 Summons)(Glass, Ethan) (Entered: 09/16/2021) |
| 09/18/2021 | 10 | SUMMONS (2) Re−Issued Electronically as to, U.S. Attorney and U.S. Attorney General (zjf) (Entered: 09/18/2021) |
| 09/24/2021 | 11 | Unopposed MOTION for Extension of Time to File Response/Reply *(Respondents' Unopposed Motion for Extension of Time)* by RICHARD A. POWERS, U.S. DEPARTMENT OF JUSTICE, ANTITRUST DIVISION, UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Luh, James) (Entered: 09/24/2021) |
| 09/27/2021 |  | MINUTE ORDER granting Respondents' 11 Unopposed Motion for Extension of Time. It is hereby ORDERED, for good cause shown, that Respondents' unopposed motion for an extension of time to respond to the Petition to Set Aside, or in the |

3

| | | |
|---|---|---|
| | | Alternative Modify, Civil Investigative Demand No. 30729 is GRANTED. It is further ORDERED that Respondents' shall file their response by October 13, 2021. Signed by Judge Timothy J. Kelly on 9/27/2021. (lctjk1) (Entered: 09/27/2021) |
| 09/27/2021 | 12 | STANDING ORDER. See Order for details. Signed by Judge Timothy J. Kelly on 9/27/2021. (lctjk1) (Entered: 09/27/2021) |
| 10/07/2021 | 13 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 9/23/2021. (Benson, Peter) (Entered: 10/07/2021) |
| 10/07/2021 | 14 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. U.S. DEPARTMENT OF JUSTICE, ANTITRUST DIVISION served on 9/20/2021 (Benson, Peter) (Entered: 10/07/2021) |
| 10/07/2021 | 15 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. RICHARD A. POWERS served on 9/20/2021 (Benson, Peter) (Entered: 10/07/2021) |
| 10/07/2021 | 16 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 9/20/2021. Answer due for ALL FEDERAL DEFENDANTS by 11/19/2021. (Benson, Peter) (Entered: 10/07/2021) |
| 10/07/2021 | 17 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. UNITED STATES OF AMERICA served on 9/28/2021 (Benson, Peter) (Entered: 10/07/2021) |
| 10/12/2021 | 18 | Unopposed MOTION to Set Deadline by NATIONAL ASSOCIATION OF REALTORS. (Attachments: # 1 Text of Proposed Order)(Glass, Ethan) (Entered: 10/12/2021) |
| 10/13/2021 | 19 | RESPONSE re 18 Unopposed MOTION to Set Deadline *(Respondents' Response to the National Association of Realtors' Unopposed Motion to Set Deadline)* filed by RICHARD A. POWERS, U.S. DEPARTMENT OF JUSTICE, ANTITRUST DIVISION, UNITED STATES OF AMERICA. (Luh, James) (Entered: 10/13/2021) |
| 10/13/2021 | 20 | RESPONSE re 1 Complaint,,,, *(Respondents' Memorandum in Opposition to Petition to Set Aside, or in the Alternative Modify, Civil Investigative Demand No. 30729)* filed by RICHARD A. POWERS, U.S. DEPARTMENT OF JUSTICE, ANTITRUST DIVISION, UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Text of Proposed Order)(Luh, James) (Entered: 10/13/2021) |
| 10/13/2021 | | MINUTE ORDER granting Petitioner's 18 Unopposed Motion to Set Deadline. It is hereby ORDERED, for good cause shown, that Petitioner's next filing shall be due by November 12, 2021. Signed by Judge Timothy J. Kelly on 10/13/2021. (lctjk1) (Entered: 10/13/2021) |
| 11/12/2021 | 21 | REPLY re 20 Response to Document, *Response to the Government's Opposition to NAR's Petition* filed by NATIONAL ASSOCIATION OF REALTORS. (Attachments: # 1 Declaration of Ethan Glass, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M)(Glass, Ethan); Modified docketing event and text on 11/17/2021 (ztth). (Entered: 11/12/2021) |
| 01/07/2022 | 22 | |

4

|  |  | STATUS REPORT *(Respondents' Status Report)* by RICHARD A. POWERS, U.S. DEPARTMENT OF JUSTICE, ANTITRUST DIVISION, UNITED STATES OF AMERICA. (Luh, James) (Entered: 01/07/2022) |
|---|---|---|
| 04/25/2022 | 23 | NOTICE of Change of Address by Ethan Charles Glass (Glass, Ethan) (Entered: 04/25/2022) |
| 01/25/2023 | 24 | ORDER granting Petitioner's 1 Petition to Set Aside Civil Investigative Demand No. 30729. See Order for details. Signed by Judge Timothy J. Kelly on 1/25/2023. (lctjk1) (Entered: 01/25/2023) |
| 01/25/2023 | 25 | MEMORANDUM OPINION in support of 24 Order granting Petitioner's 1 Petition to Set Aside Civil Investigative Demand No. 30729. Signed by Judge Timothy J. Kelly on 1/25/2023. (lctjk1) (Entered: 01/25/2023) |
| 03/24/2023 | 26 | NOTICE of Appearance by Daniel S. Guarnera on behalf of All Defendants (Guarnera, Daniel) (Entered: 03/24/2023) |
| 03/24/2023 | 27 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 25 Memorandum & Opinion, 24 Order by RICHARD A. POWERS, U.S. DEPARTMENT OF JUSTICE, ANTITRUST DIVISION, UNITED STATES OF AMERICA. Fee Status: No Fee Paid. Parties have been notified. (Guarnera, Daniel) (Entered: 03/24/2023) |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF REALTORS,<br><br>       *Petitioner*,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>       *Respondents*. | Civil Action No. 1:21-cv-02406-TJK |

## **NOTICE OF APPEAL**

Notice is hereby given that all Respondents in the above-named case hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the order and judgment entered in this action on January 25, 2023, Order, ECF No. 24; Mem. Op., ECF No. 25.

March 24, 2023

Respectfully submitted,

/s/ DANIEL S. GUARNERA
DANIEL S. GUARNERA (D.C. Bar No. 1034844)
Acting Chief, Civil Conduct Task Force
U.S. Department of Justice
Antitrust Division
450 Fifth St. NW
Washington, DC 20530
Tel: (202) 307-0077
Email: Daniel.Guarnera@usdoj.gov

JAMES C. LUH
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20530
Tel: (202) 514-4938
E-mail: James.Luh@usdoj.gov

*Attorneys for Respondents*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL ASSOCIATION OF REALTORS,

*Petitioner*,

v.

UNITED STATES OF AMERICA, et al.,

*Respondents*.

Civil Action No. 21-2406 (TJK)

## ORDER

For the reasons set forth in the Court's accompanying Memorandum Opinion, it is hereby

**ORDERED** that Petitioner's Petition to Set Aside Civil Investigative Demand No. 30729, ECF No. 1, is **GRANTED**. Civil Investigative Demand No. 30729 is hereby **SET ASIDE.**

This is a final appealable Order. The Clerk of the Court is directed to close the case.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: January 25, 2023

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL ASSOCIATION OF REALTORS,

*Petitioner*,

v.

UNITED STATES OF AMERICA, et al.,

*Respondents*.

Civil Action No. 21-2406 (TJK)

**MEMORANDUM OPINION**

Before the Court is the National Association of Realtors' Petition to Set Aside, or in the Alternative Modify, Civil Investigative Demand No. 30729, which was issued by the Department of Justice's Antitrust Division. Because the civil investigative demand, or CID, violates a settlement agreement executed by the parties, the Court will set it aside.

**I.     Background**

    **A.     The Department of Justice Opens an Investigation into the National Association of Realtors**

In 2019, the Department of Justice's Antitrust Division opened an investigation into certain practices and policies of the National Association of Realtors ("NAR"). *See* ECF No. 1-21 at 2. Among the NAR policies under review were its "Participation Rule" and its "Clear Cooperation Policy." *See* ECF No. 1-7 at 2. As part of its investigation into potentially anticompetitive behavior, the Antitrust Division issued two CIDs seeking certain information from NAR. *See* ECF No. 1-21; ECF No. 1-22. Settlement talks ensued.

### B.   The Parties Settle and the Department of Justice Closes its Investigation

In 2020, NAR and the Antitrust Division began negotiating a potential settlement. *See* ECF No. 1-5. At first, the Antitrust Division would not agree that any of NAR's policies, current or otherwise, would be free from further investigation for a decade. *See* ECF No. 20-1 at 6; ECF No. 20-2 at 2. NAR pushed back, seeking reprieve from investigation. *See* ECF No. 1-6 at 2. After exchanging several rounds of emails negotiating settlement terms, the Antitrust Division sent a draft consent judgment including a proposed reservation-of-rights clause, which in sum declared that nothing in the judgment would limit the government's ability to investigate NAR's policies in the future. ECF No. 1-5 at 18.

NAR responded by striking that clause. ECF No. 1-5 at 18. NAR later explained that it would not agree to a consent decree without written assurances—specifically, a letter—confirming that the Antitrust Division had "closed its investigation" into the Participation Rule and Clear Cooperation Policy and providing that NAR "had no obligation" to respond to the still-pending CIDs. ECF No. 1-7 at 2, 19. After a call about the letter that would "give[] [NAR] relief from the investigations," the Antitrust Division conceded, agreeing to confirm in writing that it would close its investigation into those policies. ECF No. 1-8 at 2, 4; *see also* ECF No. 20-6 at 3 ("[W]e will close our investigation into NAR's Participation Rule as a part of this settlement."). But the Antitrust Division would not confirm that certain changes to the policies satisfied its concerns or that it would refrain from challenging any future versions of the rules. *See* ECF No. 20-3 at 2–3; ECF No. 20-2 at 2.

In November 2020, the Antitrust Division filed a Complaint, Stipulation and Order, and Proposed Final Judgment with the Court. ECF Nos. 1-9–1-12. Neither the Complaint nor the Proposed Final Judgment addressed the Participation Rule or Clear Cooperation Policy. *See* ECF

2

No. 1-10; ECF No. 1-12. The Proposed Final Judgment included a reservation of rights provision that read, "Nothing in this Final Judgment shall limit the right of the United States to investigate and bring actions to prevent or restrain violations of the antitrust laws concerning any Rule or practice adopted or enforced by NAR or any of its Member Boards." ECF No. 1-12 at 16. But neither the stipulation nor the consent judgment featured a merger or integration clause preventing other agreements from restraining the government along these lines. *See* ECF No. 1-11; ECF No. 1-12.

The same day the Antitrust Division filed those papers, it sent a "closing letter" to NAR as agreed. *See* ECF No. 1-13. The letter confirmed "that the Antitrust Division ha[d] closed its investigation into [NAR's] Clear Cooperation Policy and Participation Rule" and that NAR "[a]ccordingly" had "no obligation to respond to" the corresponding CIDs. *Id*. The letter contained a "no inferences" provision, which read, "No inference should be drawn, . . . from the Division's decision to close its investigation into these rules, policies or practices not addressed by the consent decree." *Id*.

### C. The Department of Justice Reopens its Investigation and Reissues its CIDs

After the parties reached their settlement, NAR began changing its policies to comply with the terms in the Stipulation and Proposed Final Judgment. ECF No. 1-1 at 3–4. The Participation Rule and Clear Cooperation Policy were not a part of the Stipulation and Proposed Final Judgment, though. Thus, those rules "have not been changed, modified, or amended since the Antitrust Division closed its investigation in 2020." ECF No. 21-1 at ¶ 15.

In January 2021, as the consent judgment required, NAR contacted the Antitrust Division to approve its policy changes. ECF No. 1-1 at ¶ 15. After the change in presidential administrations, the government did not respond to NAR until April. *See id.* at ¶ 18. When it did respond,

3

rather than approving or rejecting the rule changes, the Antitrust Division tried to renegotiate the reservation-of-rights clause in the consent agreement. *Id*. NAR was skeptical. And during later discussions, the Antitrust Division refused to clarify whether the change was intended to modify any aspect of the settlement or its agreement to close its investigation and withdraw the CIDs. *See id*. at ¶ 19.

NAR would not agree to any changes without clarification of their impact on the settlement agreement, creating an impasse. *See* ECF No. 1-1 at 6. In July 2021, the Antitrust Division reopened the investigations it had previously agreed to close and issued a CID against NAR that is similar to the two CIDs addressed in the prior settlement. *See* ECF No. 1-3; ECF No. 1-23. The agency also withdrew its consent to the Proposed Final Judgment and voluntarily withdrew its complaint. ECF No. 1-17; ECF No. 1-18. The Antitrust Division describes these actions as a "resum[ption of] its investigative efforts." ECF No. 20 at 14.

In response, NAR filed the instant petition under 15 U.S.C. § 1314(b)(1)(A) to set aside the new CID as a breach of the 2020 settlement agreement. In the alternative, NAR requests that the Court modify the CID, alleging excessive breadth and burdensomeness.

**II.    Legal Standards**

Under the Antitrust Civil Process Act, the Antitrust Division may request, through a CID, the production of documentary material, answers to interrogatories, or the proffer of oral testimony relevant to a civil antitrust investigation. 15 U.S.C. § 1312(a). Any person served with a CID may petition for an order to modify its terms or to have it set aside "based on any failure of [the CID] demand to comply with the provisions of [the Antitrust Civil Process Act], or upon any constitutional or other legal right or privilege of such person." 15 U.S.C. § 1314(b)(2). The petitioner bears the burden of convincing the court that a CID should be set aside. *See United States v. Time*

4

*Warner, Inc.*, 94-cv-338 (HHG), 1997 WL 118413, at *6 (D.D.C. Jan. 22, 1997); *see also United States v. R. Enters., Inc.*, 498 U.S. 292, 301 (1991).

CIDs must comply with the standards applicable to grand jury subpoenas and civil discovery. 15 U.S.C. § 1312(c)(1); *see also Time Warner*, 1997 WL 118413, at *3 ("[T]he standard for enforcement of regulatory subpoenas is the same as that applied to grand jury investigations." (citing *Okla. Press Pub. Co. v. Walling*, 327 U.S. 186, 216 (1946)). To that end, CIDs—like grand jury subpoenas and civil discovery—may be subject to restrictions under a settlement agreement.

Courts generally preclude civil discovery barred by a validly executed settlement. *See, e.g.*, *Blake v. Architect of the Capitol*, No. 19-cv-3409 (TSC-RMM), 2021 WL 5990949, at *3 (D.D.C. Sep. 22, 2021) (considering whether prior settlement agreement barred certain discovery requests). Courts also preclude the government from compelling testimony via grand jury subpoena when doing so conflicts with a plea or settlement agreement. *See United States v. Singleton*, 47 F.3d 1177, at *4 (9th Cir. 1995) (Table); *In re Grand Jury Proc.*, 819 F.2d 984, 987 (11th Cir. 1987); *see also In re U.S. Senate Permanent Subcomm. on Investigations*, 655 F.2d 1232, 1239 (D.C. Cir. 1981) (holding that the government could enforce a legislative subpoena through civil contempt because "[t]he terms of the [witness's] plea bargain agreement plainly [did] not preclude [Congress] from seeking to secure the testimony of [the witness]").

These rules track the general principle that the government must be held to the terms of its contracts. Regardless of the identity of the official that signs a contract, "a settlement contract may not be unilaterally rescinded," and government agencies that enter into settlement agreements are bound by their terms. *Burton v. Adm'r, Gen. Servs. Admin.*, No. 89-cv-2338 (NHJ), 1992 WL 300970, at *3, *6 (D.D.C. July 10, 1992); *see also Village of Kaktovik v. Watt*, 689 F.2d 222, 234 (D.C. Cir. 1982) (Greene, J., concurring in part and dissenting in part) ("There is no question that

5

a settlement agreement is a contract which, like any other contract, may not be unilaterally rescinded. That principle applies to the government as to any other party, and it applies irrespective of whether or not the agreement has yet been approved by the court." (cleaned up)). Thus, a CID barred by the terms of a settlement agreement is invalid.

Additionally, even if validly issued, CIDs may be neither "unduly burdensome [n]or unreasonably broad." *Time Warner, Inc.*, 1997 WL 118413, at *6 (cleaned up).[1]

### III.  Analysis

Because NAR has shown that a validly executed settlement agreement bars the CID at issue, it must be set aside under 15 U.S.C. § 1314(b)(2).

To start, the parties dispute the terms of their settlement agreement. Thus, before the Court can enforce that agreement, it must first determine its terms. This task is essentially one of contract interpretation. As the D.C. Circuit has explained, "An agreement to settle a legal dispute is a contract. Each party agrees to extinguish those legal rights it [had] sought to enforce through litigation in exchange for those rights secured by the contract." *Watt*, 689 F.2d at 230.

The Court must first identify the terms of the parties' agreement. If the parties "executed a completely integrated written agreement, it supersedes all other understandings and agreements with respect to the subject matter of the agreement between the parties, whether consistent or inconsistent." *Ryan v. BuckleySandler, LLP*, 69 F. Supp. 3d 140, 145 (D.D.C. 2014) (cleaned up). Put another way, when an agreement is completely integrated, that document alone controls. *See*

---

[1] The Court acknowledges that the parties disagree as to whether this is a "summary proceeding" and, in turn, over what standards apply. *See* ECF No. 20 at 6 n.1; ECF No. 21 at 8–13. In the Court's view, this dispute is beside the point. While NAR argues that the Antitrust Division overstates its burden to show the CID should be set aside, the government never disputes that the CID would be invalid if precluded by a settlement agreement. Instead, it argues that it made no such commitment "that would preclude the Division from investigating NAR's potentially anticompetitive practices or issuing new CIDs in connection with any such investigation." ECF No. 20 at 16.

6

*id*.  On the other hand, when parties execute a "partially integrated agreement, where the writing represents the agreement of the parties [only] with respect to the matters stated therein, . . . a court may consider extrinsic terms that are consistent with the partially integrated agreement." *Id*. (citations omitted).  To determine whether an agreement is completely integrated, a court "must examine [the parties'] intent by looking to the written contract, the conduct and language of the parties and the surrounding circumstances." *U.S. ex rel. D.L.I. Inc. v. Allegheny Jefferson Millwork, LLD*, 540 F. Supp. 2d 165, 172 (D.D.C. 2008) (cleaned up).  "In particular, the presence of an integration clause weighs heavily in favor of a complete integration." *Id.* at 173.

Here, the settlement agreement encompasses several written and oral commitments made by both sides in exchange for consideration.  In other words, it is not a fully integrated written agreement—and neither party contends otherwise.  To begin, the Stipulation and Proposed Final Judgment filed with the Court did not include a merger or integration clause.  And while that alone may not be enough to prove partial integration, the parties' discussions before and after that filing make clear that their agreement extended beyond those documents.  Indeed, the terms of the Stipulation and Proposed Final Judgment alone did not induce an agreement.

As recounted earlier, NAR refused to agree to the consent decree without written assurances that the Antitrust Division would send a letter confirming it "closed its investigation[s]" into the Participation Rule and Clear Cooperation Policy and that NAR "had no obligation" to respond to the still-pending CIDs.  ECF No. 1-7 at 2, 19.  Only when the agency yielded to those demands did the parties settle their dispute.  *See id*.  The parties' communications illustrate that the Stipulation and Proposed Final Judgment were not the only ways their agreement was memorialized.  The Antitrust Division's commitment to close its investigations into the Participation Rule and Clear Cooperation Policy and effectively rescind the CIDs—and to confirm those actions in writing—

7

was essential to the parties' reaching a settlement and is consistent with the partially integrated written agreement. So those commitments must be considered part of the overall agreement. In fact, the Antitrust Division's own communications show that the government itself understood the broader settlement to require closure of the investigation. *See, e.g.*, ECF No. 20-6 at 3 ("[W]e will close our investigation into NAR's Participation Rule as a part of this settlement.").

With that common-sense interpretation of the parties' settlement in hand, it is not hard to conclude that the new CID violates the agreement. Because the agreement included the Antitrust Division's commitment to close its investigation into NAR's current Participation Rule and Clear Cooperation Policy, the government breached the agreement by reopening the investigation into those same rules and serving the new CID. The word "close" means "to bring to an end." *Close*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/close. The word "open" means "to begin a course or activity." *Open*, Merriam-Webster's Dictionary, https://www.merriam-webster.com/dictionary/open. Opening an investigation is the opposite of closing one. So by reopening the same investigation it had agreed to close, the Antitrust Division breached the settlement agreement.[2] From there, it follows that the agreement bars enforcement of the new CID, issued to advance the same. *See* 15 U.S.C. § 1312(c).

The government's arguments otherwise do not sway the Court. The government begins by disputing the reach of its agreement to close its investigation. *See* ECF No. 20 at 16–17. The

---

[2] Resisting this outcome, the Antitrust Division at times characterizes its present investigation as a "new investigation." *See* ECF No. 20 at 14, 16. But as the Court sees it, the investigation is not "new," but a reopening—or "resumption"—of the investigation the agency had agreed to close. The Participation Rule and Clear Cooperation Policy have not "been changed, modified, or amended since the Antitrust Division closed its investigation in 2020." ECF No. 21-1 at ¶ 15. Furthermore, the newly issued CID is similar to the CIDs issued previously—the same CIDs to which the agency agreed NAR need not respond. ECF No. 1-23. Indeed, the agency itself has described its actions as "*resum[ing]* its investigative efforts." ECF No. 20 at 14.

8

government is correct that NAR asked for, and it agreed to provide, a letter confirming closure of its investigation. *See* ECF No. 1-8 at 2. But that does not mean, as the government suggests, that the agreement contemplated only a letter worth nothing but the paper on which it was written. NAR explicitly negotiated for a letter "giv[ing it] relief from the investigations." ECF No. 1-8 at 4. The letter would hardly provide such "relief" if the Antitrust Division was free to reopen the investigations into both the Participation Rule and Clear Cooperation Policy and reissue substantially similar CIDs right after closing the same. In response, the government emphasizes that it refused to stipulate that either rule would not be subject to another investigation in the next decade, and it declined to give them its seal of approval. *See* ECF No. 20 at 17. But these arguments change nothing about the agreement the government eventually struck, which required it to close its investigations into those policies. The agency's reservations, in context, are best understood as relating to any future versions of the policies in question.

Nor can the "no inferences" provision in the closing letter bear the weight the government assigns it. As noted above, that statement reads: "No inference should be drawn, from the Division's decision to close its investigation into these rules, policies or practices [that are] not addressed by the consent decree." ECF No. 1-13. The Antitrust Division suggests that this sentence reinforces its view that the closing letter did not preclude *any* future investigation—even one into the same, unchanged Participation Rule and Clear Cooperation Policy. *See* ECF No. 20 at 17. Not so.

Nothing about the "no inferences" clause changes the Court's view of the parties' bottom-line agreement. The Antitrust Division might have included such a statement in its letter for many reasons that are consistent with the Court's interpretation of the agreement. Most obviously, such a statement would inform *third parties* that the government had not found one way or the other

9

that the Participation Rule and Clear Cooperation Policy were lawful, and so similar policies should not be assumed to pass muster. But more fundamentally, under the law of contract the Antitrust Division was not free to unilaterally change the terms of the settlement agreement by adding an ambiguous sentence to a letter designed to simply confirm that it had upheld its side of the deal. *See Keepseagle v. Vilsack,* 99-cv-3119 (EGS), 2016 WL 9455764, at *6 n.5 (D.D.C. Apr. 20, 2016) ("'To be effective a modification requires assent of all parties to the agreement' because 'there is no such thing as a unilateral modification.'" (quoting Howard O. Hunter, Modern Law of Contracts § 5.20 (2016 ed.)).

Similarly, the Proposed Final Judgment signed by the parties fits with the Court's interpretation. The reservation-of-rights clause in the document states that nothing *in that final judgment*, which mentioned neither the Participation Rule nor the Clear Cooperation Policy, would restrain the Antitrust Division's future investigations. *See* ECF No. 1-12 at 16. As the Court has already explained, the settlement agreement was not contained exclusively within the four corners of the Proposed Final Judgment. So even though that document said nothing about future investigations, it does not then follow that no such limits were a part of the settlement agreement as a whole.

None of this is to say that the Antitrust Division has agreed to never investigate NAR or some future version or application of NAR's Participation Rule and Clear Cooperation Policy. The Court holds only that the government, in committing to close an investigation into these policies one year and then reopening it the next—when the only intervening change was that in presidential administrations—violated the parties' agreement. For that reason, the CID issued to further that investigation must be set aside.[3]

---

[3] Because the Court is setting aside the CID, it need not resolve NAR's objections to its breadth and burdensomeness.

10

**IV.    Conclusion**

At bottom, not setting aside the CID at issue would deprive NAR of the benefit for which it bargained: the closure of the Antitrust Division's investigation into its Participation Rule and Clear Cooperation Policy.  The government, like any party, must be held to the terms of its settlement agreements, whether or not a new administration likes those agreements.  For this reason, the CID at issue must be set aside.  A separate order will issue.

                                            /s/ Timothy J.  Kelly
                                            TIMOTHY J.  KELLY
                                            United States District Judge

Date: January 25, 2023